**FOX RIVER NEIGHBORHOOD ASSOCIATION, et al., Petitioners,**

v.

**SURFACE TRANSPORTATION BOARD and United States of America, Respondents.**

No. 00–1148.

United States Court of Appeals, District of Columbia Circuit.

Feb. 23, 2001.

Before HENDERSON, RANDOLPH, and GARLAND, Circuit Judges.

## JUDGMENT

This petition for review was considered on the record from the Surface Transportation Board (STB) and on the briefs of counsel. The Court has accorded the issues full consideration and has determined that they occasion no need for a published opinion. *See* D.C.Cir. Rule 36(b). It is

ORDERED and ADJUDGED that the petition for review be denied. Petitioners challenge the STB's 1995 notice of interim trail use (NITU) and seven subsequent extensions of the NITU. We lack jurisdiction to review the NITU and first six extensions. Petitioners did not appeal from the STB's original decisions in these matters, and the time to do so has now expired. *See* 28 U.S.C. §§ 2342(5), 2344. Petitioners' 1998 request for reconsideration by the STB raised no issues of fact or law that could not have been raised earlier; it merely charged that the STB had committed material error. Under *ICC v. Brotherhood of Locomotive Engineers*, 482 U.S. 270, 278–84, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987), we lack jurisdiction to review the STB's denial of such a request.

Although we may review petitioners' timely challenge to the seventh

extension, *see Schoenbohm v. FCC*, 204 F.3d 243, 245 (D.C.Cir.2000), that challenge fails to persuade. Petitioners' first argument, that the STB lacks authority to grant such an extension, has previously been rejected by this court. *See Birt v. Surface Transportation Board*, 90 F.3d 580, 588–89 (D.C.Cir.1996). Petitioners' second argument, that the STB had no jurisdiction to issue the extension because the railroad had earlier abandoned the corridor, is without merit. In fact, the railroad was actively negotiating to sell the corridor at the time and thus had not abandoned it. *See, e.g., Stine v. Marathon Oil*, 976 F.2d 254, 266 (5th Cir.1992); *Wood v. City of E. Providence*, 811 F.2d 677, 679 (1st Cir.1987).

The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir. Rule 41.